Case 2:19-cv-00228   Document 21   Filed on 01/27/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GREGORY MICHAEL LEWIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-228 |
| § | |
| NUECES COUNTY JAIL, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR FAILURE TO COMPLY WITH COURT ORDERS**

Plaintiff Gregory Michael Lewis has filed this *pro se* civil rights action. Plaintiff's allegations arise in connection with his recent confinement at the Nueces County Jail. Plaintiff sues the following defendants: (1) Nueces County Jail; (2) Nueces County, Texas; (3) Nueces County Sheriff's Department; (4) Holt Feemster, Assistant District Attorney in the 148th District Court; and (5) Mary Joe Gambell, Head Probation Officer. (D.E. 1).

On September 12, 2019, due to the difficulty encountered in evaluating Plaintiff's claims as presented in his 63-page complaint, Magistrate Judge B. Janice Ellington ordered Plaintiff to present all his claims in a comprehensive amended complaint to be filed within thirty days. (D.E. 8). Judge Ellington directed the Clerk of the Court to send Plaintiff a § 1983 form complaint. Lastly, Judge Ellington provided Plaintiff with instructions in filling out the form, naming the defendants he intends to sue, and presenting all his claims in a clear and concise manner. (D.E. 8, pp. 2-3).

On October 10, 2019, Judge Ellington entered an Amended Order containing the

same instructions for Plaintiff to file one amended complaint within thirty days. (D.E. 9). Plaintiff was warned that his failure to comply with the instructions provided, including submitting the amended complaint in a timely manner, may result in the dismissal of this action for want of prosecution and for failure to comply with court orders. (D.E. 9, p. 3).

Plaintiff subsequently filed an amended complaint which failed to comply with the Court's instructions. (D.E. 10). Judge Ellington issued an Order on October 30, 2019, striking Plaintiff's amended complaint. (D.E. 11). Judge Ellington further directed Plaintiff to comply with the instructions provided in the October 10 Amended Order, and submit a comprehensive amended complaint on or before November 18, 2019, (D.E. 11). Plaintiff was warned that his failure to comply with the instructions provided in both the October 10 Amended Order and October 30 Order, including submitting the comprehensive amended complaint in a timely manner, may result in the dismissal of this action for want of prosecution and for failure to comply with court orders. (D.E. 11, p. 2).

Rather than comply with the undersigned's clear instruction to file his claims in one comprehensive amended complaint, Plaintiff submitted a series of confusing amended complaints and supplements. (D.E. 12, 13, 14, 15, 16, 17). In an Order issued on December 20, 2019, Judge Ellington struck them and provided Plaintiff with one final opportunity to present his claims in one comprehensive amended complaint filed on or before January 17, 2020. (D.E. 19). (D.E. 19, p. 2). Plaintiff was warned that his failure to comply with the instructions provided in the October 10 Amended Order and December 20 Order, including submitting the comprehensive amended complaint in a

timely manner, may result in the dismissal of this action for want of prosecution and for failure to comply with court orders. (D.E. 19, pp. 2-3).

To date, Plaintiff has not responded to the December 20 Order and file a comprehensive amended complaint. A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). Plaintiff has repeatedly failed to follow court orders and submit one comprehensive amended complaint that complies with the Court's instructions and allows it to evaluate Plaintiff's claims. He has been previously warned on several occasions that this action may be dismissed for failure to comply with court orders. Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

ORDERED this 27th day of January, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).